*96 THE Chief Justice delivered the opinion of the Court. — 't his is a writ of error to a judgment upon a recognizance acknowledged the 14th March 1809, and taken to the governor, with condition that the plaintiff Adams should keep the peace and be of good behavior. It is now objected that the recognizance is void, because it is taken to the governor, and not to the commonwealth t and in support of this objection the counsel for the plaintiff relied upon the 8th section of the “ act to amend the penal laws of this commonwealth,’’ which went into operation on the 8th of March 1809. By this section it is enacted that thereafter “ ia all criminal ca- *97 ?<«⅛ t^c'^nízáncés shall Be taken to and in the name of •.¡v c immonwealth oí Kentucky.” To obviate this ob-í c i<,u ic was contended on the part of. the commoner a:ch that the expression criminal cases, did not tm-e¡ae cases of the kind in which this recognizance was ¡ai: a.” The most general classification of cases is into .-inal * nd ovil; and whatever case does not come \% bin r ic one description, seems properly to belong to •’ae i.thi r, unless indeed actions in the name of the in-»:>i met upon penal statutes may be considered as an cv;epu in to this rule. The present ease has however ti-* ad.iily to actions of this kind. It appears clear, ílurctou-, that the expression criminal cases is used in coni; a hmioedon to civil cases, and that as the casein •Iu- -tioii does not come within the meaning of the latter, it is embraced by the former,
A recognizance to ke«p> the peace eakea to the governor, is HU
it was also contended on the part of the common-v.. ::Uh, that the court, in the construction of this law, ought to take into consideration a provision in the sixth •section of the act repealing the laws establishing examining courts, which was passed at the same session of the legislature, and went into operation on the same day, J'his section prescribes the form of a recognizance taken by justices of the peace of persons accused adore them of some offence triable by the circuit courts, and requires that it shall be taken in the name of the commonwealth ; but provides that nothing in this act contained shall be so construed as to render void any recognizance which would be valid in lav/ if this section had not passed. That in construing a legislative act, it is proper to do it with reference to other acts made in pari materia, is indisputably correct; but this rule, so Ur from, requiring that one act of the legislature should be rendered inoperative by others niade on the sum „• suoject, seems to demand that the whole shall receive such an interpretation that each may have its proper tifeec, and that the whole may stand together, if their piuvisioos be not radically repugnant. By confining the proviso in the sixth section of the last men-timed act, cither to all recognizances previously acknowledged, or (which would seem more reasonable) to those which were the subject of the enacting part of the section, wc shall leave room for the operation of the mg', isiou the kw relied on by the plaintiff’s counsel » ' *98 and in either case, the recognizance in question will nil come within the saving of the proviso.
Another ground taken on the part of the commonwealth, though not much insisted on, ta that the act relied on for the plaintiff is affirmative, and that an affirmative statute, containing i.o repealing clause, does not abrogate the former law. An affirmative as well as a negative statute will repeal a former law, without express words for that purpose, if in substance it be inconsistent with the former law. The language of the act in question seems necessarily to exclude the idea thaS a recogniz >nce taken otherwise than lo the commonwealth, would be valid ; a different construction would in fact reduce the act to a dead letter.
Judgment reversed, with coats against the prosecutor»